William L. Evans, Respondent, v. Francis Frey and Others, Appellants; Same, Respondent v. Annie Dolan and Others, Appellants; Same, Respondent, v. Louis H. Kircher and Others, Appellants; Same, Respondent, v. Catharine Falvey, Appellant, Impleaded with Another.— Orders affirmed, with ten dollars costs and disbursements, on one appeal. No opinion.

James S. Ennis v. Clito Moderati.— Motion denied upon payment of ten dollars costs.

Sarah Griffith, as Administratrix, etc., of William Griffith, Deceased, Respondent, v. United States Industrial Insurance Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Annie Gamble, as Administratrix. v. William F. Lennon.— Motion denied, with ten dollars costs.

John Taylor Lord and Others, Respondents and Appellants, v. The New York Elevated Railroad Company and The Manhattan Railway Company, Appellants and Respondents.— Judgment affirmed on the defendants' appeal. All concurred. Judgment affirmed on the plaintiffs' appeal. (Patterson, J., dissenting on the ground that the amount awarded for fee damages is not sufficient.) No costs to either party. No opinion.

The People of the State of New York ex rel. Andros B. Stone and William D. Marvel, Appellants, v. Hamilton Odell, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

The People of the State of New York v. St. Nicholas Bank.— Motion granted.

The People of the State of New York v. Walter K. Freeman.— Motion granted.

Louise P. Snecker, Respondent, v. William Snecker, Appellant.— Judgment affirmed, with costs. No opinion.

Andros B. Stone, Appellant, v. Georgiana C. Stone and Others, Respondents.— Order reversed, without costs, and motion granted so far as to allow the appellant to serve a new case within twenty days after the entry of the order hereon, subsequent proceedings to be as though no case except this particular case had ever been served. No opinion.

Elizabeth H. von Dersmith, Respondent, v. Bernard Rourke, Appellant.— Order reversed and motion granted upon condition that the defendant pay ten dollars costs and disbursements of this appeal, the costs of the present motion and costs of the motion precluding him from giving evidence. No opinion.

John Thomas, as Administrator, etc., v. William F. Lennon.— Motion denied, with ten dollars costs.

William H. Arnoux v. Amy C. Phyfe et al.— Motion granted.

American Surety Company v. Moses R. Crow. — Motions denied.

Bettie Albright, as Administratrix, v. Manhattan Railway Company.— Motion granted, with ten dollars costs.

Elias C. Benedict v. George T. Arnoux.— Motion granted.

Walston H. Brown v. The Mayor, etc.— Motion granted upon payment of ten dollars costs.

Louis E. Bomeisler v. Elsa Forster.— Motion denied, with ten dollars costs.

Amos R. Eno, Respondent, v. The New York Elevated Railroad Company and The Manhattan Railway Company, Appellants.— Judgment affirmed, with costs. No opinion.

In the Matter of Murray Hill Bank.— Motion granted. First question allowed as amended, Frank Merz, Suing, etc., v. The Interior Conduit and Insulating Company.— Motion denied, with ten dollars costs.

Lawrence J. O'Reilly v. John H. Dale.— Motion denied upon payment of ten dollars costs.

The People of the State of New York v. National Mutual Insurance Company.— Motion denied upon payment of ten dollars costs.

Moses T. Pyne et al. v. Hartwig J. Phillips.— Motion denied upon payment of ten dollars costs.

Alexander C. McCone v. Patrick Gallagher.— Motion denied upon payment of twenty dollars costs.

## SECOND DEPARTMENT, NOVEMBER TERM, 1896.

Sophia Crozier, Respondent, v. George R. Read, Appellant. — Judgment and order unanimously affirmed, with costs. —

PER CURIAM: This is an action to recover damages for personal injuries sustained from a collision of one of defendant's horses with a wagon which the plaintiff was driving. On a previous trial there was a nonsuit. On appeal it was held by the late General Term that the case should have been submitted to the jury, and the judgment entered on the nonsuit was reversed. (78 Hun, 181.) In the opinion there delivered by Mr. Justice Pratt we entirely concur. The facts, as disclosed on the last trial, do not vary materially from those presented at the former trial. The decision of the General Term must, therefore, control the disposition of this appeal. We think it is too clear to require extended discussion that one aspect of the case presented a question of negligence for the jury. If the horses of the defendant were prancing across the road before the defendant's servant met the plaintiff's vehicle, the jury might well have found that the defendant's driver should have passed plaintiff's vehicle at a distance sufficiently great to avoid any chance of the led horse colliding with the vehicle. In fact, from the number of reported cases in which accidents have arisen from this cause, and from our own observation, it would seem that there is generally danger of a led horse swerving, and the jury might find that it was the duty of one leading a horse through a village or city street to have this danger in mind and to take care to avoid collisions from this cause. When the plaintiff saw the horses approaching she sought to escape an accident by driving along the extreme right of the highway. Had the defendant's servant taken the same precaution and gone well to his side of the road, which was clear of obstruction, the accident would not have happened. The